# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | Case No. 21-51382 (AMK) |
| | ) | |
| **Rebecca Cagulada Portman,** | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Alan M. Koschik |
| _____ | ) | |
| | ) | |
| **Andrew R. Vara,** | ) | |
| **United States Trustee,** | ) | |
| | ) | |
| Plaintiff. | ) | Adv. Proceeding No. |
| | ) | |
| vs. | ) | |
| | ) | |
| **Rebecca Cagulada Portman,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OBJECTING TO DISCHARGE

Andrew R. Vara, the United States Trustee for Regions 3 & 9 ("United States Trustee"), by and through his undersigned counsel, brings this action pursuant to 11 U.S.C. §§ 727(a)(3), (a)(4), and (a)(5) and requests that the Court deny the discharge of defendant Rebecca Cagulada Portman (the "Defendant"), the debtor in bankruptcy case no. 21-51382 (the "Bankruptcy Case"). In support, the United States Trustee represents as follows:

1. This adversary proceeding is brought pursuant to 11 U.S.C. § 727 and Rule 7001 of the Federal Rules of Bankruptcy Procedure to deny the discharge. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Venue is proper pursuant to 28 U.S.C. § 1409(a).

1

2. Pursuant to 28 U.S.C. § 586, the United States Trustee is mandated to monitor the administration of cases commenced under the Bankruptcy Code. 11 U.S.C. § 101 *et seq*. The United States Trustee has standing to be heard pursuant to 11 U.S.C. §§ 307 and 727(c)(1).

3. Federal Rule of Bankruptcy Procedure 4004(a) states that a complaint objecting to a debtor's discharge "shall be filed no later than 60 days after the first date set for the meeting of creditors." The Court entered an order extending the deadline for filing a complaint objecting to discharge to June 14, 2022. Docket Nos. 45, 58. Therefore, the filing of this Complaint is timely.

**FACTS**

4. On September 27, 2021, the Defendant filed a voluntary petition for relief to discharge her debts under chapter 7 of the Bankruptcy Code (the "Petition Date"). Case No. 21-51382, Docket No. 1.

5. In accordance with 11 U.S.C. § 701, the United States Trustee appointed Julie K. Zurn to serve as the chapter 7 trustee (the "Trustee") in the Defendant's Bankruptcy Case.

6. On October 18, 2021, the Defendant filed schedules of debts and liabilities ("Schedules"), which the Defendant signed and declared under penalty of perjury were true and correct. Case No. 21-51382, Docket No. 15 at 34.

7. On October 18, 2021, the Defendant also filed *Official Form 107: Statement of Financial Affairs for Individuals Filing for Bankruptcy* ("SOFA"), which the Defendant signed and declared under penalty of perjury was true and correct. Case No. 21-51382, Docket No. 15 at 35–42.

8. On September 28, 2021, the Defendant filed a *Declaration re: Electronic Filing of Documents and Statement of Social Security Number* ("ECF Declaration"). Case No. 21-51382,

Docket No. 4. The Defendant signed the ECF Declaration on September 24, 2021. In signing the ECF Declaration, the Defendant swore that the information provided in the electronically filed petition, statements, and schedules, as well as in any other documents that must contain signatures, was true, correct, and complete.

9. On November 16, 2021, the Trustee conducted an examination of the Defendant at the first meeting of creditors (the "Initial 341 Meeting"). Case No. 21-51382, Docket No. 3. The Defendant testified under oath that she signed the petition; she reviewed the petition, schedules, and statement of financial affairs before signing the petition; all the information contained in those documents is true and correct; the only error or omission in her schedules was a debt owed to her business; everything she owned was listed on her schedules; and all of her debts were listed on her schedules.

10. The Trustee continued the meeting to December 14, 2021 (the "December 341 Meeting"), at which point the Trustee again examined the Defendant. Docket No. 20. The Trustee continued the meeting numerous times without examining the Defendant before examining the Defendant one final time on May 13, 2022 (the "May 341 Meeting") and concluding the meeting on May 31, 2022. Docket No. 34, 37, 43, 44, 46, 48, 60, 62, 64.

11. On *Schedule A/B: Property* ("Schedule A/B"), the Defendant listed an interest in a 2017 Hyundai Santa Fe, a 2003 270 Rinker Boat, and real property located at 1422 Wuchter Street, Barberton, Ohio 44203. Case No. 21-51382, Docket No. 15 at 3–4.

12. On Schedule A/B, the Defendant also listed a 100% ownership interest in U Load It LLC. *Id.* at 6. The Defendant noted on Schedule A/B that $120,000 are the debts of U Load It LLC.

13. The Defendant listed her total interests in personal property as $88,171.50. *Id.* at 8.

14. On *Schedule E/F: Creditors Who Have Unsecured Claims* ("Schedule E/F"), the Defendant lists priority debt totaling $28,104.00 and nonpriority debt totaling $1,083,101.21. Case No. 21-51382, Docket No. 15 at 13–27.

15. On Schedule E/F, the Debtor lists debts from nine different loans (collectively, the "Contested Loans") as follows:

- Claim 4.3: Best Egg Cross River Bank loan for $30,000.00;
- Claim 4.7: Citizens Bank loan for $60,000.00;
- Claim 4.9: Cross River Bank loan for $49,205.00;
- Claim 4.21: Lending Point loan for $37,168.00;
- Claim 4.22: Marlette Funding loan for $50,000.00;
- Claim 4.24: Penn Credit Corp loan for $35,370.21;
- Claim 4.26: PNC Bank loan for $25,000.00;
- Claim 4.28: SBA loan for $59,500.00; and
- Claim 4.30: SoFi Lending Corp. loan for $50,000.00.

*Id.* at 15–24. The total amount of debt scheduled for these Contested Loans is $396,243.21.

16. The Defendant indicated in her Schedules that the Penn Credit Corp loan was incurred in 2020. *Id.* at 22. The Defendant failed to list when the debt was incurred for each of the other Contested Loans. *Id.* at 15–24.

17. On her SOFA, in response to the question requiring debtors to disclose whether they sold, traded, or otherwise transferred property to anyone outside of the ordinary course of business or financial affairs in the 2 years before filing for bankruptcy, the Defendant only listed transfers to her husband, David Portman. *Id.* at 39 (question 18).

18. On her SOFA, in response to the question that requires debtors to disclose details about any businesses or business connections of the debtor, the Defendant listed an ownership interest in U Load It LLC and Modern Enterprise. Case No. 21-51382, Docket No. 15 at 41 (question 27).

**The Defendant Failed to Disclose Closed Accounts and Has Gained Access to an Additional Bank Account Post-Petition**

19. On Schedule A/B, when asked to list deposits of money, including checking, savings, or other financial accounts, the Defendant listed one Huntington Bank account. *Id.* at 5–6.

20. On the Petition Date, the Defendant and David Portman had joint ownership over a Huntington Bank account ending in x8864 (the "x8864 Account").

21. On or about November 11, 2021, David Portman was removed from the x8864 Account, and the Defendant is now the only individual listed on the x8864 Account.

22. The Defendant had ownership over other accounts that were open within the one year of the Petition Date that she failed to disclose.

23. On her SOFA, in response to the question requiring debtors to disclose whether [w]ithin 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred," the Defendant answered "[n]o." *Id.* at 39 (question 20).

24. At the Initial 341 Meeting, the Defendant testified that she had not closed any bank accounts within the year before filing her petition.

25. The Defendant has a Huntington Bank account ending in x8589 (the "x8589 Account") that was in her name and was open from on or about December 30, 2019, and either

remains open or was closed on or after December 1, 2020.

26. At the May 341 Meeting, the Defendant testified that the x8589 Account was only open for about a year, was not open in 2021, and was closed prior to the Petition Date.

27. The Defendant has a TD Ameritrade Account with a value of $11,382.45 as of November 30, 2020, that either remains open or was closed on or after November 30, 2020.

28. The Defendant gained ownership to a bank account after the Petition Date that was open prior to the Petition Date.

29. On the Petition Date, Huntington Bank account ending in x4609 (the "x4609 Account") was only in the name of David Portman.

30. On or about November 1, 2021, David Portman's name was removed from the x4609 Account, and the Defendant's name was added as the sole individual on the x4609 Account.

31. The Defendant has failed to provide documentation requested by the United States Trustee relating to her personal and business financial accounts, including but not limited to: complete copies of the Defendant's personal tax returns for 2019; bank account statements and checkbook registers for the x4609 Account from January 1, 2020 through December 31, 2020; bank account statements and checkbook registers for the x8589 Account from December 1, 2020 through May 17, 2022; checkbook registers for the x8864 Account from January 1, 2021 through December 15, 2021; checkbook registers for U Load It LLC from January 1, 2021 through August 16, 2021; and bank statements and checkbook registers for Modern Enterprise from January 1, 2021 through May 17, 2022.

**The Defendant Has Failed to Provide Documentation Substantiating the Receipt and/or Dissipation of the Contested Loans Proceeds**

32. At the May 341 Meeting, the Defendant testified that each of the Contested Loans excluding the SBA Loan, were taken out and given to David Verone and his entity, The Credit Engineers (collectively, "Credit Engineers") in consideration for his services building her business and paying bills.

33. The Defendant testified that all the proceeds from loans taken out for Credit Engineers were deposited into the x8589 Account.

34. The Defendant testified that most of the payments would have been made from the x8589 Account directly to Credit Engineers, but a small amount of funds may have been transferred to one of her other bank accounts before being given to Credit Engineers.

35. The Defendant testified that over $100,000 went to Credit Engineers.

36. The Defendant testified that of the Contested Loans proceeds, excluding the SBA Loan, she used very little of it for herself or her businesses.

37. The Defendant testified that she only received about $10,000.00 from Credit Engineers.

38. Upon information and belief, proceeds totaling $168,503.00 from five of the Contested Loans were deposited into the x8589 Account as follows:

- $40,000.00 from Citizens Bank on 2/26/20;
- $28,503.00 from Best Egg on 2/26/20;
- $50,000.00 from SoFi Lending Corp on 2/27/20;
- $25,000.00 from PNC Bank on 2/28/20; and

- $25,000.00 from Penn Credit Corp. on 3/9/20.

39. Of the $168,503.00 in Contested Loans proceeds that were deposited into the x8589 Account, only $77,643.91 was wired to Credit Engineers on March 2, 2020.

40. The Debtor failed to provide documentation requested by the United States Trustee demonstrating how she spent the remaining $90,859.09 in deposited Contested Loans proceeds.

41. The Defendant failed to provide documentation requested by the United States Trustee substantiating the receipt and dissipation of $195,873.00 in proceeds from the remaining Contested Loans as listed on Schedule E/F, which includes the $49,205.00 loan from Cross River Bank, the $37,168.00 loan from Lending Point, the $50,000.00 loan from Marlette Funding, and the $59,500.00 loan from the SBA.

42. The United States Trustee requested documentation relating to the Contested Loans including, but not limited to: bank statements and checkbook registers for all business and personal bank accounts; loan documents; documentation substantiating when the Contested Loans proceeds were received; documentation substantiating where the Contested Loans proceeds were deposited; and documentation, including detailed accountings, substantiating how the Defendant spent the Contested Loans proceeds.

43. To date, the Defendant failed to provide sufficient documentation to substantiate the Contested Loans.

**The Defendant Has Failed to Provide Documentation Requested by the United States Trustee and the Trustee**

44. On Schedule E/F, the Defendant also lists substantial claims relating to business expenses:

- Claim 4.2: Business expense owed to David Bacevice totaling $100,000;

- Claim 4.8: Business expense owed to Terry Coen totaling $200,000;

- Claim 4.12: Business debt owed to Duriya Dhinojwala totaling $100,000; and

- Claim 4.18: Business expense owed to David Garanich totaling $200,000.

(collectively, the "Contested Business Expenses"). *Id.* at 15–20.

45. The United States Trustee requested documentation substantiating each of the Contested Business Expenses, including but not limited to copies of any contracts, written communication, bank statements, and cancelled checks.

46. To date, the Defendant failed to provide the requested documentation substantiating these Contested Business Expenses.

47. At the Initial 341 Meeting, the Trustee requested various documentation from the Defendant, including but not limited to copies of the Defendant's business books and records from January 1, 2019, through November 16, 2021, and complete copies of the Defendant's tax returns.

48. At the December 341 Meeting, the Trustee again requested complete copies of the Defendant's tax returns with all schedules and complete copies of the books and records for the businesses from January 1, 2019, through December 14, 2021.

49. To date, the Defendant failed to provide to the Trustee complete copies of her 2019 tax returns and complete copies of the books and records for the Defendant's businesses.

## COUNT 1

**Violation of 11 U.S.C. § 727(a)(3): Concealed and/or Failed to Keep or Preserve Records**

50. The United States Trustee repeats and incorporates all the allegations contained in

the preceding paragraphs of this Complaint as if fully set out herein.

51. Section 727(a)(3) of the Code provides in applicable part:

(a) The court shall grant the debtor a discharge, unless—
. . . .
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case[.]

11 U.S.C. § 727(a)(3).

52. The Defendant concealed and/or failed to keep or preserve bank statements for the x4609 Account for the period of January 1, 2020 through December 31, 2020.

53. The Defendant concealed and/or failed to keep or preserve bank statements for the x8589 Account for the period of December 1, 2020 through May 17, 2022.

54. The Defendant concealed and/or failed to keep or preserve checkbook registers for U Load It LLC for January 1, 2021 through August 16, 2021.

55. The Defendant concealed and/or failed to keep or preserve bank statements and checkbook registers for Modern Enterprise for January 1, 2021 through May 17, 2022.

56. The Defendant concealed and/or failed to keep or preserve documentation regarding the receipt of approximately $195,873.00 in proceeds from four of the Contested Loans.

57. The Defendant concealed and/or failed to keep or preserve information regarding the dissipation of approximately $195,873.00 in proceeds from four of the Contested Loans.

58. The Defendant concealed and/or failed to keep or preserve information regarding the dissipation of $90,859.09 in proceeds from the Contested Loans that were deposited in the x8589

Account.

59. The Defendant failed to keep or preserve information from which her financial condition or business transactions might be ascertained, and her discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

## COUNT 2

### Violation of 11 U.S.C. § 727(a)(4)(A): False Oaths

60. The Plaintiff incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

61. Section 727(a)(4)(A) of the Code provides in applicable part:

> (a) The court shall grant the debtor a discharge, unless—
> . . . .
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account[.]

11 U.S.C. § 727(a)(4)(A).

62. The Defendant knowingly and fraudulently made a false oath at the Initial 341 Meeting when she testified that she had not closed any bank accounts within the one year before the Petition Date.

63. The Defendant knowingly and fraudulently made a false oath on her SOFA when she failed to disclose the x8589 Account on Schedule A/B.

64. Alternatively, the Defendant knowingly and fraudulently made a false oath or account when she failed to disclose that she closed the x8589 Account within the one year before filing for bankruptcy relief.

65. The Defendant knowingly and fraudulently made a false oath on Schedule A/B when

she failed to disclose her ownership in a TD Ameritrade Account.

66. Alternatively, the Defendant knowingly and fraudulently made a false oath on her SOFA when she failed to disclose that she closed the TD Ameritrade Account within the one year before filing for bankruptcy relief.

67. The Defendant knowingly and fraudulently made a false oath at the May 341 Meeting when she testified that all the Contested Loans, excluding the SBA Loan, were deposited into the x8589 Account.

68. The Defendant knowingly and fraudulently made a false oath at the May 341 Meeting when she testified that almost all the proceeds from the Contested Loans, excluding the SBA Loan, were transferred to Credit Engineers.

69. The Defendant knowingly and fraudulently made a false oath at the May 341 Meeting when she testified that over $100,000 went to Credit Engineers.

70. The Defendant knowingly and fraudulently made a false oath on her SOFA when she failed to disclose that she transferred approximately $77,643.91 in loan proceeds to Credit Engineers within the two years before filing for bankruptcy relief.

71. The Defendant knowingly and fraudulently made a false oath at the Initial 341 Meeting when she affirmed that the information in her petition, schedules, and other documents was true and correct.

72. The Defendant knowingly and fraudulently made a false oath when she affirmed in the ECF Declaration under penalty of perjury that the information included in her bankruptcy petition, statements, schedules, and any other documents that must contain signatures was true, correct, and complete.

73. At a minimum, the Defendant's false oaths constitute false oaths made with a "reckless disregard for the truth," which the Sixth Circuit has ruled is a sufficient level of intent to support a denial of discharge pursuant to section 727(a)(4)(A). *See Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685–86 (6th Cir. 2000).

74. The Defendant knowingly and fraudulently made false oaths in or in connection with her bankruptcy case, and her discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

## COUNT 3

**Violation of 11 U.S.C. 727(a)(4)(D): Withholding Records from an Officer of the Estate**

75. The United States Trustee incorporates all the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

76. Section 727(a)(4)(D) of the Code provides in applicable part:

> (a) The court shall grant the debtor a discharge, unless—
> . . . .
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> > (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

11 U.S.C. § 727(a)(4)(D).

77. The Defendant knowingly and fraudulently withheld from the United States Trustee bank statements for the x4609 Account from January 1, 2020, through December 31, 2020.

78. The Defendant knowingly and fraudulently withheld from the United States Trustee bank statements for the x8589 Account from December 1, 2020 to May 17, 2022.

79. The Defendant knowingly and fraudulently withheld from the United States Trustee

13

documentation substantiating the receipt of $195,873.00 in Contested Loans proceeds listed on Schedule E/F but not deposited into the x8589 Account.

80. The Defendant knowingly and fraudulently withheld from the United States Trustee information regarding the dissipation of approximately $195,873.00 in Contested Loans proceeds listed on Schedule E/F but not deposited into the x8589 Account.

81. The Defendant knowingly and fraudulently withheld from the United States Trustee information regarding the dissipation of approximately $90,859.09 in Contested Loans proceeds deposited into the x8589 Account.

82. The Defendant knowingly and fraudulently withheld from the United States Trustee information necessary to substantiate the Contested Business Expenses.

83. The Defendant knowingly and fraudulently withheld from the Trustee and the United States Trustee complete copies of her personal tax returns for 2019.

84. The Defendant knowingly and fraudulently withheld from the Trustee complete copies of the books and records for her businesses from January 1, 2019, through December 14, 2021.

85. The Trustee is an "officer of the estate entitled to possession" under the Bankruptcy Code.

86. The United States Trustee is an "officer of the estate entitled to possession" under the Bankruptcy Code.

87. The Defendant therefore has knowingly and fraudulently withheld records from an officer of the estate, and her discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(D).

# COUNT 4

## Violation of 11 U.S.C. § 727(a)(5): Loss of Assets

88. The United States Trustee incorporates all the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

89. Section 727(a)(5) of the Code provides in applicable part:

> (a) The court shall grant the debtor a discharge, unless—
> . . . .
> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]

11 U.S.C. § 727(a)(5).

90. The Defendant failed to satisfactorily explain the dissipation of approximately $286,732.09 in loan proceeds received from the Contested Loans.

91. The Defendant failed to provide a satisfactory explanation for the loss of assets, and the Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(5).

[Remainder of page intentionally left bank.]

**WHEREFORE**, the United States Trustee respectfully requests that this Court enter an order denying the Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(3), (a)(4), and (a)(5) and for such further relief as may be appropriate.

    Respectfully submitted,

    **ANDREW R. VARA**
    **UNITED STATES TRUSTEE**
    **REGIONS 3 AND 9**

By:    */s/ Lauren C. Schoenewald*
       Lauren C. Schoenewald (0097694)
       Trial Attorney
       United States Department of Justice
       Office of the United States Trustee
       201 Superior Avenue East, Suite 441
       Cleveland, Ohio 44114
       Phone: (216) 522-7810
       Fax: (216) 522-7193
       Email: lauren.schoenewald@usdoj.gov